UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **KITHNOS SPECIAL MARITIME ENTERPRISE, ELETSON HOLDINGS, INC, ELETSON CORPORATION, ELETSON GAS LLC,** | § § § § § | CIVIL ACTION NO. 25-cv-00042 |
| Plaintiffs, | § § | ADMIRALTY RULE 9(h) |
| **M/V KITHNOS (IMO 9711523),** her engines, tackle, equipment, and appurtenances, *in rem*, | § § § § | |
| and | § § | |
| **FAMILY UNITY TRUST COMPANY, GLAFKOS TRUST COMPANY, LASSIA INVESTMENT COMPANY, ELAFONISSOS SHIPPING CORPORATION, KEROS SHIPPING CORPORATION, VASSILIS HADJIELEFTHERIADIS, LASKARINA KARASTAMATI, VASSILIS E. KERTSIKOFF, VASILEIOS CHATZIELEFTHERIADIS, KONSTANTINOS CHATZIELEFTHERIADIS, IOANNIS ZILAKOS, ELENI KARASTAMATI, PANAGIOTIS KONSTANTARAS, EMMANOUIL ANDREOULAKIS, ELENI VANDOROU,** *in personam* | § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' CROSS-MOTION TO STRIKE RESTRICTED APPEARANCE,
STATEMENT OF RIGHT OR INTEREST, AND NOTICE OF APPEARANCE
<u>ON BEHALF OF PURPORTED KITHNOS SME</u>**

i

**TABLE OF CONTENTS**

INTRODUCTION AND SUMMARY OF ARGUMENT ........................................................1

PROCEDURAL HISTORY OF THE PRESENT ACTION .....................................................2

ARGUMENT ..................................................................................................................................3

    I.    The Court Should Strike the Unauthorized Filings made on behalf of Purported Kithnos SME Pursuant to Rule 12(f) ..........................................................................3

        a.    Purported Kithnos SME Lacks Standing ................................................................4

            i.    Purported Kithnos SME lacks statutory standing under Rule C(6) .................5

            ii.    Purported Kithnos SME lacks constitutional standing ....................................8

        b.    Laskarina Karastamati has no Authority to Appoint Counsel of Behalf of Plaintiff Kithnos SME ........................................................................................................9

    II.    The Court Should Use its Inherent Powers to Strike the Unauthorized Filings ........10

    III.    In the Alternative, Limited Discovery as to Purported Kithnos SME Should be Granted ....................................................................................................................11

CONCLUSION ............................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Cambridge Toxicology Group, Inc. v. Exnicios*,
    495 F. 3d 169 (5th Cir. 2007) ...................................................................................................2

*CEATS, Inc. v. TicketNetwork, Inc.*,
    71 F.4th 314 (5th Cir. 2023) ......................................................................................................2

*Estate of Thompson v. Sun Life Assur. Co. of Canada*,
    354 Fed. Appx. 183 (5th Cir. 2009) ..........................................................................................2

*F.D.I.C. v. Maxxam, Inc.*,
    523 F.3d 566 (5th Cir. 2008 ........................................................................................................2

*Garza v. Lumpkin*,
    2023 WL 6385557 (S.D. Tex. June 1, 2023) ..........................................................................10

*Goodyear Tire & Rubber Co. v. Haeger*,
    581 U.S. 101 (2017) ................................................................................................................11

*Gutierrez v. Martinez*,
    2012 WL 13149228 (S.D. Tex. Mar. 12, 2012) .....................................................................11

*In re Beef Indus. Antitrust Litig.*,
    600 F.2d 1148 (5th Cir. 1979) ...................................................................................................3

*Lujan v. Def. of Wildlife*,
    504 U.S. 555 (1992) ..................................................................................................................8

*Mercado v. United States Customs Servs.*,
    873 F.2d 641 (2d. Cir. 1989) .....................................................................................................4

*Republic National Bank of Miami v. United States*,
    113 S.Ct. 554 (1992) .................................................................................................................4

*Spokeo, Inc. v. Robins*,
    136 S.Ct. 1540 (2016) ...............................................................................................................8

*St. Louis Group, Inc. v. Metals and Additives Corp., Inc.*,
    275 F.R.D. 236 (S.D. Tex. 2011) ............................................................................................11

*U.S. v. $19,952.00 in United States Currency*,
    2017 WL 3085841 (W.D. Penn. Jul. 20, 2017) ........................................................................5

*U.S. v. $17,900.00 in U.S. Currency*,
    859 F.3d 1085 (D.C. Cir. 2017) ................................................................................................8

*U.S. v. $487,825,000 in U.S. Currency*,

*484 F.3d 662 (3d Cir. 2007)* ..................................................................................................4

*U.S. v. $79,000, in Account Number 2168050/6749900 at the Bank of New York*,
   1996 WL 648934 (S.D.N.Y., Nov. 7, 1996) .............................................................................4

*U.S. v. All Assets Held at Bank Julius Baer & Co., Ltd.*,
   743 F. Supp. 204 (D.D.C. 2024) ..........................................................................................4, 8

*U.S. v. U.S. Currency in Amount of Five Hundred Ninety-Eight Thousand Eight
   Hundred Twenty Six Dollars*,
   2007 WL 2713367 (E.D.N.Y., Sep. 13, 2007) .....................................................................4, 5

*United States v. Contents of Account Numbers 208–06070 and 208–06068–1–2*,
   847 F. Supp. 329 (S.D.N.Y.1994) ............................................................................................5

*United States v. One 1986 Volvo 750T, VIN # YV1GX8748G1015250,*
   750 F. Supp. 1413 (S.D.N.Y. 1991) .........................................................................................4

*United States v. Real Property Located at 5201 Woodlake Drive*,
   895 F. Supp. 791 (M.D.N.C. 1995) .........................................................................................4

*Washington v. Correia*,
   546 Fed. Appx. 786 (10th Cir. 2013) .......................................................................................2

**Statutes**

Fed. R. Civ. P. 12(f) ...................................................................................................................2, 3

Fed. R. Civ. P. 26(d)(1) ................................................................................................................11

Fed. R. Civ. P. Supp Rule C(6) ......................................................................................................5

Fed. R. Civ. P. Supp Rule C(6)(i)(ii) ..............................................................................................5

**Rules**

LR 11.4, United States District Court for the Southern District of Texas ...............................10

Plaintiffs Kithnos Special Maritime Enterprise ("**Kithnos SME**"), Eletson Holdings, Inc. ("**Eletson Holdings**"), Eletson Corporation, and Eletson Gas LLC ("**Eletson Gas**") move to strike the Restricted Appearance Pursuant to Rule E(8) of the Supplemental Rules for Certain Admiralty and Maritime Claims filed by Mr. Dimitri P. Georgantas of the firm Royston, Rayzor, Vickery & Williams, LLP ("**Royston**") [Dkt. 41] (the "**Purported Restricted Appearance**"), purported Kithnos SME's Statement of Right or Interest [Dkt. 42] (the "**Purported Statement of Interest**"), as well as the notice of appearance filed by Mr. Bruce Ruzinsky of the firm Jackson Walker, LLP [Dkt. 60] (the "**Purported Jackson Walker Appearance**").

## INTRODUCTION AND SUMMARY OF ARGUMENT

On February 19 and 20, 2025, Royston made two filings on the docket in this action. Both were allegedly made on behalf of Kithnos SME ("**Purported Kithnos SME**"), "on the authority of its lawful board of directors" and, as later expounded, "acting under the ultimate authority of the Cypriot Nominees". These unauthorized filings were: (i) the Purported Restricted Appearance [Dkt. 41]; and (ii) the Purported Statement of Interest [Dkt. 42] (collectively, the "**Unauthorized Filings**"). These were followed by a notice of appearance made by Mr. Bruce Ruzinsky of the firm Jackson Walker, LLP. [Dkt. 60.]

Neither the lawful directors of Plaintiff Kithnos SME nor its lawful authorized representative (Mr. Leonard J. Hoskinson) retained Royston or Jackson Walker.

For reasons flowing from Plaintiffs' response to Old Eletson's motion to vacate the arrest of the Vessel [Dkt. 68], Purported Kithnos SME lacks standing to allege a possessory or ownership interest in the Vessel. Further, the Old Eletson individual(s) instructing Royston and Jackson Walker have no authority to appoint counsel for Plaintiff Kithnos SME.

The Unauthorized Filings are nothing more than the latest effort of Old Eletson in their coordinated global strategy to interfere with and obstruct the implementation of the Chapter 11

1

Plan,[1] confirmed by the Bankruptcy Court. Further, the Unauthorized Filings were made on the premise that Old Eletson, through the Cypriot Nominees, was entitled to take Levona's preferred shares in Eletson Gas in reliance on findings in the JAMS Award. To this extent, the Unauthorized Filings are inconsistent with the Chapter 11 Plan, the orders of Judge Liman, and the Stay Relief Order as discussed at length in Plaintiffs' response to the motion to vacate. [68.] This Court should prevent such improper interference and obstruction of binding U.S. court orders.

The Court should strike the Unauthorized Filings pursuant to Federal Rule of Civil Procedure 12(f) ("**Rule 12(f)**") due to the lack of standing of Purported Kithnos SME.[2] Additionally, the Court should strike the Unauthorized Filings pursuant to the Court's inherent power to strike any papers improperly filed on its docket.[3] Alternatively, in the event that this Court is not inclined to strike the Unauthorized Filings, expedited discovery should be permitted to determine the identities of individuals and/or entities acting on behalf of Purported Kithnos SME.[4]

## PROCEDURAL HISTORY OF THE PRESENT ACTION

Plaintiffs appointed Floyd Zadkovich (US) LLP and Phelps Dunbar LLP to represent them in this action.

On February 5, 2025, Plaintiffs filed this action under seal, seeking among other things, a warrant of arrest against the Vessel, including pursuant to Supplemental Rule D of the

---

[1] To the extent not defined herein, capitalized terms shall have the meaning as used in Plaintiffs' Response to the Motion to Vacate Arrest at [Dkt. 68.]

[2] The standard of review for motions to strike pursuant to Rule 12(f) is that of "abuse of discretion". See *Estate of Thompson v. Sun Life Assur. Co. of Canada*, 354 Fed. Appx. 183, 189 (5th Cir. 2009) (citing *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F. 3d 169, 178 (5th Cir. 2007.)

[3] The standard of review for the invocation of a court's inherent power is reviewed *de novo*, whereas the sanctions imposed are reviewed for an abuse of discretion. See *CEATS, Inc. v. TicketNetwork, Inc.*, 71 F.4th 314, 323 (5th Cir. 2023) (citing *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 590 (5th Cir. 2008)).

[4] The standard of review for a discovery order is that of "abuse of discretion". See *Washington v. Correia*, 546 Fed. Appx. 786, 787 (10th Cir. 2013).

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("**Rule D**"). [Dkts. 2, 3.] The warrant was issued on February 5, 2025, [Dkt. 6], and the Vessel was thereafter arrested. A motion to appoint National Maritime Services, Inc. as substitute custodian of the Vessel was also granted. [Dkts. 4, 7.]

On February 19, 2025, the substitute custodian filed an Emergency *Ex Parte* Motion Seeking Authority to Remove and Replace the Master of the Vessel. [Dkt. 39.] On the same day, Royston filed the Purported Restricted Appearance allegedly on behalf of Plaintiff Kithnos SME, [Dkt. 41], and the Purported Statement of Right of Interest, allegedly on the authority of Plaintiff Kithnos SME's "lawful directors." [Dkt. 42.] The verification was signed by Laskarina Karastamati (one of the Old Eletson individuals) as "a member of the board of directors of Kithnos Special Maritime Enterprise." [*Id.*]

On February 20, 2025, Royston filed an opposition to the custodian's motion and cross-moved to disqualify the custodian. [Dkt. 43.] Following a hearing, this Court granted the custodian's motion in part as it related to discovery and did not grant Royston's cross-motion to disqualify the custodian. [Dkt. 45.]

On March 11, 2025, Royston filed the motion to vacate the arrest of the Vessel [Dkt 51], which is discussed at length in the Plaintiffs' opposition thereto. [Dkt. 68.]

On March 18, 2025, Bruce J. Ruzinsky of Jackson Walker LLP filed the Purported Jackson Walker Appearance as additional counsel for "Kithnos Special Maritime Enterprise, on the authority of its lawful directors" [Dkt. 60].

## ARGUMENT

**I.   The Court Should Strike the Unauthorized Filings made on behalf of Purported Kithnos SME Pursuant to Rule 12(f)**

Federal Rule of Civil Procedure 12(f) provides in relevant part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." The granting of a motion to strike under Rule 12(f) is within the discretion of the court. *In re Beef Indus. Antitrust Litig.,* 600 F.2d 1148, 1168 (5th Cir. 1979).

The Unauthorized Filings should be stricken pursuant to Rule 12(f),[5] as Purported Kithnos SME lacks standing to appear in this action, to file the Purported Statement of Interest, and to appoint counsel. Rule 12(f) provides the proper procedural basis because Purported Kithnos SME is (according to the Unauthorized Filings) akin to an intervenor-defendant and its claims amount to defense to the Arrest. *See U.S. v. $79,000*, 1996 WL 648934, at *2.[6]

### a. Purported Kithnos SME Lacks Standing

Before Purported Kithnos SME can contest the arrest of the Vessel, it must demonstrate standing, both statutory and constitutional. *See U.S. v. $79,000*, 1996 WL 648934, at *3 (citing *Mercado v. United States Customs Servs.*, 873 F.2d 641, 644 (2d. Cir. 1989)); *U.S. v. U.S. Currency in Amount of Five Hundred Ninety-Eight Thousand Eight Hundred Twenty Six Dollars*, 2007 WL 2713367, at *5 (E.D.N.Y., Sep. 13, 2007). *See also U.S. v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 743 F. Supp. 204, 217 (D.D.C. 2024) (citing *U.S. v. $487,825,000 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007)).

Standing is a threshold issue. If Purported Kithnos SME lacks standing, this Court lacks jurisdiction to consider its Purported Statement of Right. *See U.S. v. $38,570 U.S. Currency*, 950 F.2d 1108, 1111 (5th Cir. 1992). *See also U.S. v. $79,000*, 1996 WL 648934, at *3 (citing *United States v. One 1986 Volvo 750T, VIN # YV1GX8748G1015250,* 750 F. Supp. 1413, 1422 (S.D.N.Y. 1991)). "To establish standing in a[n] [arrest proceeding], the claimant must

---

[5] *U.S. v. $79,000, in Account Number 2168050/6749900* at the Bank of New York, 1996 WL 648934 (S.D.N.Y., Nov. 7, 1996) addresses a Rule 12(f) motion in the context of a forfeiture proceeding. It, however, relies in part on Supplemental Rule C(6). Civil forfeiture proceedings are actions *in rem* which "shall conform as near as may be to proceedings in admiralty." *Republic National Bank of Miami v United States*, 113 S.Ct. 554, 557 (1992).

[6] It should be noted that courts have also dismissed claims to seized property for lack of standing under F.R.C.P. 12(b)(6). See *U.S. v. $79,000*, 1996 WL 648934, at *2 (S.D.N.Y.) citing *United States v. Real Property Located at 5201 Woodlake Drive*, 895 F. Supp. 791, 793 (M.D.N.C. 1995). A court can convert a motion submitted under Rule 12(f) to a Rule 12(b)(6) motion, "which essentially applies the same standards of proof and evidence." *U.S. v. $79,000*, 1996 WL 648934, at *2.

demonstrate some ownership or possessory interest in the property at issue." *U.S. v. $79,000*, 1996 WL 648934, at *3 (quoting *United States v. Contents of Account Numbers 208–06070 and 208–06068–1–2*, 847 F. Supp. 329, 333 (S.D.N.Y.1994)). "[A] bare assertion of ownership of the *res*, without more, is inadequate to prove an ownership interest sufficient to establish standing." *U.S. v. $38,570 in U.S. Currency,* 950 F.2d 1108 at 1112.

### i. Purported Kithnos SME lacks statutory standing under Rule C(6)

Supplemental Rule C(6) sets forth procedural requirements that a person who asserts a right of possession or any ownership interest in the property subject to the action must follow in order to establish standing. *U.S. v. U.S. Currency in the Amount of Five Hundred Ninety-Eight Thousand Eight Hundred Twenty Six Dollars*, 2007 WL 2713367, at *5 (E.D.N.Y., Sep. 13, 2007) (addressing forfeiture actions). It provides (in relevant part) as follows:

> (a) *Statement of Interest; Answer.* In an action in rem:
>
>> (i) a person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verified statement of right or interest:
>>
>> (A) within 14 days after the execution of process, or
>>
>> (B) within the time that the court allows;
>>
>> (ii) **the statement of right or interest must describe the interest in the property that supports the person's demand for its restitution or right to defend the action**;
>>
>> […]
>>
>> (iv) a person who asserts a right of possession or any ownership interest must serve an answer within 21 days after filing the statement of interest or right.
>
> [Emphasis added.]

Purported Kithnos SME lacks standing under Rule C(6) because it cannot rightfully assert a right of possession or any ownership interest in the Vessel – it therefore cannot "describe the interest in the property that supports the person's demand for its restitution or right to defend the action." Rule C(6)(i)(ii). *See also United States v. $19,952.00 in United States Currency*, 2017 WL 3085841, at *2 (W.D. Penn. Jul. 20, 2017) (applying Supplemental

Rules C(6) and G(5)(a)(i), where the court struck a verified claim for want of statutory standing on the basis it was deficient for failure to identify "any factual basis" as to how the person entering the verified claim and the person asserting a right of ownership "has or had any legal interest" in the *res*).

This is because, upon the Effective Date, all property in Plaintiff Eletson Holdings' estate, "including interests held by [Eletson Holdings] in [its] respective non-Debtor direct and indirect subsidiaries and Affiliates" *automatically* vested in Eletson Holdings, pursuant to the Chapter 11 Plan and Confirmation Order. [Dkt. 56-6] (Bankr. Dkt. 1132, *Chapter 11 Plan*, at 36, § 5.2(c)); [Dkt. 56-5] (Bankr. Dkt. 1223, *Confirmation Order*).

Furthermore, upon the Effective Date, the Old Eletson individuals and entities – who appear to be some, or all, of the persons instructing counsel of Purported Kithnos SME in this Action – were *automatically* (i) divested of their equity in Eletson Holdings, [Dkt. 56-6] (Bankr. Dkt. 1132: *Chapter 11 Plan*, at 28-29, § 5.4), and (ii) deemed to have resigned from their positions as officers and directors of Eletson Holdings. [*Id*. at 32, § 5.10(c).] Thus, the Old Eletson individuals and entities also have no legal interest in Plaintiff Eletson Holdings, or any of its subsidiaries – including Plaintiff Kithnos SME.

With respect to Plaintiff Kithnos SME specifically, following the Effective Date, its former board members, including Defendant Laskarina Karastamati (the individual who signed the verification on behalf of Purported Kithnos SME – Dkt. 42-1), were removed. [Dkt. 56-11.] Three new corporate directors were appointed for Plaintiff Kithnos SME, while Mr. Leonard J. Hoskinson was then appointed as the sole authorized representative of Eletson Gas as sole shareholder in Plaintiff Kithnos SME. *Id.*

Further, if the Unauthorized Filings were made by the instruction of any of the other Old Eletson individuals or entities (including to the extent they were directors or officers in

Plaintiff Kithnos SME prior to the changes flowing from the Chapter 11 Plan), they similarly have no authority to act on behalf of Plaintiff Kithnos SME.

Notably, the verification filed with the Purported Statement of Interest is signed by Laskarina Karastamati. In that verification, Ms. Karastamati alleges to be "a member of the board of directors" of Kithnos SME. [Dkt. 42-1.] This is blatantly false. Ms. Karastamati has no remaining authority over, or interest in, Plaintiff Kithnos SME, and thus any entity Ms. Karastamati purports to act for cannot be Plaintiff Kithnos SME, as the Unauthorized Filings claim. It also follows that any entity Ms. Karastamati purports to act for does not have any ownership or possessory right in the Vessel. This is in contrast with the verification for the Verified Amended Complaint, where the verification for Plaintiff Kithnos SME is executed by Mr. Hoskinson. [Dkt. 56.]

The foregoing culminates in the fact that Kithnos SME "on the authority of its lawful board of directors" "acting under the ultimate authority of the Cypriot Nominees", does not exist in the way that Royston's and Jackson Walker's filings allege. As noted above, in accordance with the Chapter 11 Plan and Confirmation Order, Mr. Leonard J. Hoskinson was lawfully appointed the sole authorized representative of Eletson Gas (the sole shareholder in Plaintiff Kithnos SME), and three new corporate directors were appointed to Kithnos SME's board. [Dkt. 56-11.]

Taking Purported Kithnos SME's Unauthorized Filings at face value would mean that there are two entities called Kithnos SME. This also is not the case. A substantially similar argument has been rejected by Judge Liman in the District Court and Judge Mastando in the Bankruptcy Court several times in relation to Plaintiff Eletson Holdings. [Dkt. 68-2: Feb. 14 District Court Order, at 96:2-16].

As this Court stated to Mr. Georgantas during the Feb. 21, 2025 Hearing, "I will tell you that for purposes of today, I'll allow you to make this limited appearance. But quite frankly,

if you're going to formally participate or your client wants to formally participate, they're going to have to make some formal appearance [. . .] But I'm not going to have two competing boards file appearances on behalf of the plaintiff. It needs to be clear who's representing who." [Dkt. 58: Feb. 21, 2025 Hr'g Tr. at 9:23-10:6.]

In fact, in appearing in this Action and making the Unauthorized Filings, Purported Kithnos SME impedes upon *Plaintiffs'* legally protected interests in the Vessel, interests which have been vested in Plaintiff Eletson Holdings by the Chapter 11 Plan and by orders of the Bankruptcy Court.

### ii. Purported Kithnos SME lacks constitutional standing

Standing is an Article III requirement under which the plaintiffs must show, at an "irreducible constitutional minimum, that: (1) they have suffered an injury in fact – the invasion of a legally protected interest; (2) the injury is fairly traceable to the defendant's conduct (causal connection); and (3) a favorable decision on the merits likely will redress the injury." *See Lujan v. Def. of Wildlife*, 504 U.S. 555, 560-61 (1992). The alleged injury in fact must be concrete and particularized and actual or imminent, not conjectural or hypothetical. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016).

In the context of the Supplemental Rules and standing to assert a claim to property that has been seized, a claimant must show a "colorable claim on the defendant property – typically, an ownership or possessory interest, because an owner or possessor of property that has been seized necessarily suffers an injury that can be redressed at least in part by the return of the seized property." *U.S. v. All Assets Held at Bank Julius Baer*, 743 F. Supp. 3d 204, 664 (D.D.C. 2024) (quoting *U.S. v. $17,900.00 in U.S. Currency*, 859 F.3d 1085, 1090 (D.C. Cir. 2017)).

It is clear from the foregoing that Purported Kithnos SME cannot meet the Article III standing requirement. Purported Kithnos SME has not suffered an injury in fact related to the Vessel for the simple reason that it neither exists nor has an ownership or possessory interest

8

in the Vessel. Purported Kithnos SME is not who it says it is – even if it had a prior ownership or possessory interest in the Vessel, this was extinguished as a result of the Chapter 11 Plan and Confirmation Order.

As shown above, both statutory and Article III standing turn on the claimant being able to establish ownership of, or possessory right in, the property at issue. Purported Kithnos SME cannot do so and therefore does not have standing in this action.

### b. Laskarina Karastamati has no Authority to Appoint Counsel of Behalf of Plaintiff Kithnos SME

Ms. Laskarina Karastamati (or any other individual or entity not appointed as director or officer of Kithnos SME by Plaintiff Eletson Gas) has not been appointed as director or officer of Kithnos SME. For that reason, Ms. Karastamati does not have authorization to appoint counsel on behalf of Kithnos SME. The Purported Restricted Appearance alleges that Purported Kithnos SME appears "on the authority of its lawful directors." [Dkt. 41.] As has already been established above, that is a false statement. The prior directors of Plaintiff Kithnos SME have been removed following the implementation of the Chapter 11 Plan, and new directors appointed, with Mr. Hoskinson acting as the duly authorized representative. *Supra*, at 7.

Nonetheless, Royston's and Jackson Walker's inexplicable appearances in this action – and Royston's inability (or unwillingness) to clarify at the Feb. 21, 2025 hearing on whose instructions he acts – can only be explained by the fact that they are not acting on the authority of Plaintiff Kithnos SME at all, but on the instruction of Old Eletson individuals or entities. [Dkt. 58: Feb. 21, 2025 Hr'g Tr. at 7:2-9:17.]

Old Eletson previously attempted this same tactic unsuccessfully in the SDNY Vacatur Proceedings. Judge Liman rejected it when granting the motion to displace Reed Smith as counsel to Plaintiff Eletson Holdings and Eletson Corporation on February 14, 2025. [Dkt. 68-2: Feb. 14 District Court Order, at 96:2-16.] Similarly, he granted Plaintiff Eletson Holdings'

9

Motion to Strike the Purported Chapter 11 Appeal by Reed Smith and Rimon, which claimed to be acting on behalf of purported "Provisional Eletson Holdings". [*Id.* at 105:17-22.] Judge Liman's rulings were abundantly clear: the only professionals permitted to act on behalf of Eletson Holdings after the Effective Date were those who were engaged by Eletson Holdings after that date. [*Id.* at 95:12-15.]

This very same reasoning extends to the appointment of counsel for Kithnos SME following the Effective Date. Only the current shareholders, board, and director of Kithnos SME can appoint counsel on behalf of that entity. Here, Mr. Hoskinson appointed undersigned counsel, not Royston or Jackson Walker. Any actions taken by those firms on behalf of Kithnos SME are without authorization of its lawful shareholders, directors, or officers and must be stricken.

**II.      The Court Should Use its Inherent Powers to Strike the Unauthorized Filings**

District courts have the ability to strike documents as part of their inherent power to control the docket. *Garza v. Lumpkin*, 2023 WL 6385557, at *15 (S.D. Tex. June 1, 2023), report and recommendation adopted, *Garza v. Lumpkin,* 2023 WL 6445790 (S.D. Tex. Sept. 29, 2023). Furthermore, Local Rule 11.4 for the United States District Court for the Southern District of Texas ("**Local Rule 11.4**") provides that "[a] paper that does not conform to the local or federal rules or that is otherwise objectionable may be struck on the motion of a party or by the Court."

Royston alleges in the Purported Restricted Appearance that it is appearing for Purported Kithnos SME "on the authority of its lawful directors". [Dkt. 41.] Similar statements are made in the Purported Jackson Walker Appearance. [Dkt. 60.] As addressed above, these are factually inaccurate statements. There can be no doubt that the Unauthorized Filings are deficient, as they were not authorized by Plaintiff Kithnos SME.

To the extent that the Unauthorized Filings are founded on the notion that Royston and Jackson Walker have authority to act for Kithnos SME through Old Eletson individuals who were once associated with Eletson Holdings in the Bankruptcy Proceedings, this position is inconsistent with prior rulings of Judge Mastando in the Bankruptcy Proceedings, the Chapter 11 Plan, the Confirmation Order, as well as orders issued by Judge Liman in the Vacatur Proceedings in the District Court. [*Supra,* at 6-8,10.]

This Court has the authority to prevent such improper inference with orders of other U.S. courts. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (holding that "[f]ederal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." [citations and quotations omitted]). This inherent power extends to matters of attorney ethics before the Court and is further supported by the fact that Plaintiff Kithnos SME already has counsel in this action – the undersigned.

### III.   In the Alternative, Limited Discovery as to Purported Kithnos SME Should be Granted

In the alternative, should this Court determine that it is premature to strike the Unauthorized Filings, expedited discovery regarding Purported Kithnos SME's alleged standing should be granted. Federal Rule of Civil Procedure 26(d)(1) expressly provides that a court may order discovery prior to the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except […] when authorized […] by court order.")

Expedited discovery is permitted upon a showing of good cause. *Gutierrez v. Martinez*, 2012 WL 13149228, at *1 (S.D. Tex. Mar. 12, 2012). Here it is clear that good cause has been shown as granting such expedited discovery would facilitate the expeditious resolution of this matter and return of the Vessel to freight earning service. Given the circumstances, the discovery requests set forth below are reasonable. *See St. Louis Group, Inc. v. Metals and*

11

*Additives Corp., Inc.*, 275 F.R.D. 236, 241 (S.D. Tex. 2011) (noting that courts have routinely granted expedited discovery when failing to do so would have substantially impacted the case from progressing on the court's docket.).

Such expedited discovery should include: [7]

1. Communications[8] between Vassilis Kertsikoff and any other persons concerning Kithnos SME, Eletson Gas, Eletson Holdings, Eletson Corporation or any vessels in the Eletson fleet;

2. Communications between Laskarina Karastamati and any other persons concerning Kithnos SME, Eletson Gas, Eletson Holdings, Eletson Corporation or any vessels in the Eletson fleet;

3. Communications between Fentalon Ltd and any other persons concerning Kithnos SME, Eletson Gas, Eletson Holdings, Eletson Corporation or any vessels in the Eletson fleet;

4. Communications between Desimusco Ltd and any other persons concerning Kithnos SME, Eletson Gas, Eletson Holdings, Eletson Corporation or any vessels in the Eletson fleet;

5. Communications between Apargo Ltd and any other persons concerning Kithnos SME, Eletson Gas, Eletson Holdings, Eletson Corporation or any vessels in the Eletson fleet;

6. Communications between any persons acting on behalf of, or in concert with, the five aforementioned persons (Vassilis Kertsikoff, Laskarina Karastamati, Fentalon Ltd, Desimusco Ltd, and Apargo Ltd) concerning Kithnos SME, Eletson Gas, Eletson Holdings, Eletson Corporation or any vessels in the Eletson fleet;

---

[7] Actual discovery demands to be provided. Following documentary productions, depositions to be taken. To the extent any privilege is claimed, a complete privilege log identifying recipients, senders, CC and BBC or anyone else with access to the Communications to be provided.

[8] Communications shall mean the transmittal of information, whether in the form of facts, ideas, inquiries, or otherwise, in whatever manner the foregoing was conveyed.

12

7. Communications between Royston and any persons, using email addresses in the domain @eletson.com or @reedsmith.com, and purporting to be representatives for Kithnos SME, Eletson Gas, Eletson Holdings, and Eletson Corporation;

8. Communications between Jackson Walker and any persons, using email addresses in the domain @eletson.com or @reedsmith.com, and purporting to be representatives for Kithnos SME, Eletson Gas, Eletson Holdings, and Eletson Corporation

9. Communications between Royston and the master of the Vessel, the crew members of the Vessel or any person acting for or behalf of EMC Gas Corporation;

10. All management agreements allegedly in place for the Vessel; and

11. Freight invoicing for the Vessel.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an order (1) striking the Unauthorized Filings, (2) displacing the purported attorneys (who are not authorized to represent Kithnos SME); or (3) alternatively, ordering limited discovery with regards to all communications and/or instructions received by Royston and Jackson Walker upon which these firm rely to allege their authority to act on behalf of Kithnos SME, with relevant redactions (subject to review); and (4) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**FLOYD ZADKOVICH (US) LLP**

By: *[signature]*
Edward W. Floyd
ATTORNEY-IN-CHARGE
NY Bar No.: 4392940
*Admitted pro hac vice*
Luke F. Zadkovich
NY Bar No.: 4392940
*Admitted pro hac vice*
Filipp A. Vagin
NY Bar No.: 5901467

*Admitted pro hac vice*
luke.zadkovich@floydzad.com
ed.floyd@floydzad.com
philip.vagin@floydzad.com
(917) 868 1245
(917) 999 6914
33 East 33rd Street, Suite 905
New York, NY, 10016

**ATTORNEY FOR PLAINTIFFS**

OF COUNSEL
**PHELPS DUNBAR LLP**
Ivan M. Rodriguez
Texas Bar No.: 24058977
SDTX ID: 45566982
Andrew R. Nash
Texas Bar No.: 24083550
SDTX ID: 1690806
Kenderick M. Jordan
Texas Bar No.: 24145378
SDTX ID: 3905171
910 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email: ivan.rodriguez@phelps.com
　　　　andy.nash@phelps.com
　　　　kenderick.jordan@phelps.com

**CERTIFICATE OF CONFERENCE**

　　　I hereby certify that on March 31, 2025, a meet and confer conference was held by phone relating to the relief requested in this motion with Royston. Royston is opposed to the relief requested.

　　　　　　　　　　　　　　　　　　　　*/s/Edward W. Floyd*

**CERTIFICATE OF SERVICE**

　　　I certify that a true and correct copy of the foregoing has been served on all known counsel of record on April 3, 2025 via the ECF system.

　　　　　　　　　　　　　　　　　　　　*/s/ Andrew R. Nash*