UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KITHNOS SPECIAL MARITIME ENTERPRISE, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| V. | § | CIVIL ACTION NO. 2:25-CV-00042 |
| M/V KITHNOS, *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are the following pending motions: (1) Kithnos Special Maritime Enterprise's Motion to Stay Release of Vessel, (D.E. 119); and (2) OCM Maritime Gas LLC's Motion to Vacate Arrest, (D.E. 121). The Court need not recount the case's procedural background, as Judge Libby's June 11, 2025 order, (D.E. 114), thoroughly sets out the complex procedural history in this case—the Court directs the reader to that order for a discussion of the facts and procedure in this matter.

The Court recently ordered the parties to submit a joint status report by July 3, 2025, at 2:00 p.m. Central Standard Time. (D.E. 143). NMS has now done so. (D.E. 145).[1] Generally, this report details the physical and mental state of the crew, asserts the intention of most of the crew members to repatriate, and sets forth a detailed plan for their repatriation. *See id.* The humanitarian concerns associated with the crew having endured an extended arrest require the Vessel to be released without further delay. Additionally, Plaintiffs, OCM, and Claimant Kithnos Special Maritime Enterprise have also submitted a joint status report. (D.E. 146). The joint status report

United States District Court
Southern District of Texas
**ENTERED**
July 03, 2025
Nathan Ochsner, Clerk

---

[1] The Court commends Attorney Haas for her diligent work traveling to the Vessel, interviewing the crew members, and preparing a comprehensive report on the tight deadline imposed by the Court.

1 / 2

addresses, in part, Plaintiffs' and OCM's efforts to resolve any dispute concerning the bareboat charter agreement and the release of the vessel. *See id.*

During a hearing on July 2, 2025, the Court indicated it would rule on OCM's pending motion to vacate. (D.E. 143, p. 14–15). However, on reconsideration, the Court finds that the motion need not be ruled on prior to the Vessel being released because OCM's interests will be protected by the terms of release imposed by Judge Libby's order. Additionally, Plaintiffs and OCM have indicated they continue to work to resolve any dispute concerning the charter agreement, so a ruling from the Court may not be necessary. Thus, OCM's motion to vacate shall remain pending for the time being, with the expectation that OCM and Plaintiffs will continue to work toward a resolution of these matters.

As to Claimant's motion to stay, (D.E. 119), the Court construes this motion as objections to Judge Libby's order to release the Vessel. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). After consideration, the Court finds no clear error in the conditions of release set by Judge Libby and **OVERRULES** Claimant's objections. (D.E. 119). Accordingly, the Court **ADOPTS** the conditions set out by Judge Libby in the June 11, 2025 order, (D.E. 114). FED. R. CIV. P., SUPP. R. E(5)(d) ("[T]he property arrested shall be released only by order of the court, on such terms and conditions and on the giving of such security as the court may require.").

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
July 3rd, 2025