UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **KITHNOS SPECIAL MARITIME ENTERPRISE,** *et al.*, | § § § | |
| *Plaintiffs,* | § § | **CIVIL ACTION NO. 2:25-cv-00042** |
| | § | **ADMIRALTY RULE 9(h)** |
| **M/V KITHNOS (IMO 9711523),** *et al.* | § § | |
| *Defendants.* | § § | |

## DAILY JOINT STATUS REPORT FOR AUGUST 8, 2025

Pursuant to the Court's Order [Document 188] the parties submit the following Joint Status Report regarding the parties' progress in (1) substituting new crew onto the Vessel; (2) repatriating the current crew; and (3) turning over the necessary documents for the operation of the Vessel. It has been agreed by the parties to follow the following procedures in compiling and submitting the joint status reports:

- Each party will submit their portion of the daily status report to Kelly M. Haas, NMS Counsel, by 2:00 PM CST on Monday and Fridays.

- Ms. Haas will compile the joint status report and will serve the daily report upon all counsel of record via the Court's Case Management/Electronic Case Files (CM/ECF) system by 4:00 PM CST on Monday and Fridays.

- Each party can comment/respond on another party's submission the following report, if needed.

## I.
## STATUS UPDATES

**PLAINTIFFS**

**Mediation:** In connection with the Judge's Order of August 5, 2025 (Dkt. 196) instructing Plaintiffs and OCM to mediate, and as will be further discussed during Monday's status conference before this Court, Plaintiffs and OCM have agreed on a mediator and mediation date.

**Outstanding documents to be provided to Plaintiffs/V.Ships:**

1. Confirmation that the Vessel did not perform any EU or UK voyages in 2025.

2. Change on Q88 system to V.Ships. Plaintiffs have obtained access to Claimant's Q88 profile. However, Plaintiffs note that all certificates for the Vessel were deleted from the platform. Plaintiffs are assessing whether these can be recovered, and whether hard copies of all necessary certificates can be found aboard the Vessel.

3. Closing of the Nautologio "ship's articles" by Claimant so that V.Ships can open new articles under its name. The ship's articles is a document that serves as evidence of the employment terms for the officers and crew of a ship. The Nautologio is a crucial part of a ship's documentation.

4. Provision of DOC/SOC for IM DCS and class verified/signed partial submitted reports. This should be provided in due course but it is not required for the vessel to be released.

**Outstanding documents or steps for Plaintiffs:**

1. Agreement between OCM and Plaintiffs with respect to the alleged outstanding sums owed under the bareboat charter party. Plaintiffs refer to the "Mediation" section above.

In addition to the aforementioned documents, OCM has disputed the sufficiency of the following:

1. Amended V.Ships/ITM Greece Ltd. Standard Ship Management Agreement. Plaintiffs provided this document to OCM's counsel on July 31, 2025. OCM have provided further requests for revisions to which Plaintiffs have responded.

2. BWEK manager's undertaking. Plaintiffs provided BWEK with draft copy of the undertaking which contains a small number of changes and have sought (on August 1, 2025) clarification from OCM regarding OCM's subsequent blanket rejection of such changes.

3. BWEK commercial managers agreement. Plaintiffs provided a copy of the executed CMA to OCM's counsel on July 24, 2025. OCM's counsel provided comments to the CMA to which Plaintiffs have responded.

4. Confirmation that all amounts due by law to the departing crew have been paid.

Plaintiffs do not believe that the foregoing are conditions of filing a Section 20 Notice and should not hold up the release of the Vessel.

**CLAIMANTS**

Taking into consideration the August 1, 2025 Memorandum Opinion and Order of the Bankruptcy Court in the Southern District of New York, Royston Rayzor Vickery & Williams, L.L.P and Jackson Walker LLP, report to this court that they will be withdrawing from representation of the Claimant.

**OCM MARITIME GAS 4 LLC**

OCM reports that OCM and Plaintiffs have agreed to mediate on August 18, 2025 with Mr. LeRoy Lambert serving as mediator, pursuant to the Court's Order dated August 5, 2025 (D.E. 196). Commercial persons for OCM and for Plaintiffs have a meeting scheduled for August 14, 2025.

The undisputed hire owed to OCM in the amount of $2,072,145.42 (which includes interest through July 22, 2025), plus additional interest to the date of remittance, is past due and remains unpaid. Plaintiffs have not offered any basis for disputing the amount due or for nonpayment.

Plaintiffs have not provided to OCM the following executed agreements in connection with the new Vessel managers:

1. BW Epic executed Manager's Undertaking in the form provided on July 22, 2025;

2. BW Epic executed commercial management agreement with amendment limiting the duration of the contract to the time during which the Vessel is subject to the Court's jurisdiction;

3. V.Ships and ITM updated technical management agreement with amendment limiting the duration of the contract to the time during which the Vessel is subject to the Court's jurisdiction.

Plaintiffs have not provided to OCM written confirmation that all amounts due to the crew members who disembarked from the Vessel have been paid. As before, OCM expects Plaintiffs to discharge any debts due to the crew.

**NATIONAL MARITIME SERVICES**

*Crew Pay*

Counsel for NMS has not received an update from the Plaintiffs regarding the Greek off-signing crew's request for payment submitted to the court in the Joint Daily Status Report on Wednesday, July 23. At last report from the Greek Crew the following amounts remain unpaid.

> Dear Sirs,
>
> We, the Crew of Kithnos, would like to formally address our situation regarding the Release note we signed, under good faith understanding that we would receive payment for the months of June and July, along with our repatriation tickets and necessary formalities to return to our home country. As stipulated by the Greek union under Article 180 of the Private Marine Code – N. 5020/2023, in addition to our payment, we are entitled to receive compensation as required. We request your prompt assistance in clarifying this matter and ensuring that the payment is processed before our disembarkation,
>
> We kindly request that payment is addressed before we are able to disembark from the vessel.
>
> Thank you for your understanding to this important issue.
>
> Respectfully submitted,
>
> On behalf of the Greek crew of LEG/KITHNOS
>
> Dated: 21 July 2025
>
> Compensation details:
>
> Manolarakis Konstantinos – Master – 20,599.50 €
> Papanikolaou Ioannis – 2nd Officer – 9,895.50 €
> Kalyviotis Grigorios – 2nd Officer – 9,961.50 €
> Karatsolias Panagiotis – Deck Cadet – 1,320.00 €
> Vlaikos Dimitrios – Chief Engineer – 20,337.00 €
> Kainourgios Dimitrios – 3rd Engineer – 10,018.50 €

*Crew Repatriation – Renewal of Visas*

In response to ongoing correspondences received from repatriated crew regarding issues with renewing their visas, NMS consulted with Melody Poole (immigration counsel). She advised the following and recommended filing a memo outlining the various processes for each country.

> Technically, under the regulations, the visas were void on the first day of overstay. But yes, the visas on their face appear valid as no one physically marked them cancelled. And likely no one has even marked them cancelled in the Department of State's system. So far, their issues have been with the Department of Homeland Security. We know that crew end up with small overstays all the time and they don't run into trouble at the next entry; CBP waives the indiscretion, does not cancel the visa, and life goes on. In this instance, CBP specifically recommended the crew be provided letters in support of new visas, so I think it is safest to go with the most conservative route: assume it is cancelled as it should be under the regulations and request a new visa. The alternative is to travel again on the current facially-valid visa, and deal with CBP at the next US port of entry. They are marked as overstays in CBP's system. Whether CBP would mark the visa cancelled and deny shore leave at that time, we cannot know.

The Memorandum in Support of Crew Member Visa Renewals was filed by counsel for NMS and is document 201.

Respectfully submitted,

**For Plaintiffs:**

*/s/ Edward W. Floyd*           *
Edward W. Floyd
Luke F. Zadkovich
Filipp A Vagin
FLOYD ZADKOVICH (US) LLP
33 East 33rd Street, Suite 905
New York, NY 10016
Phone: (917) 999-6914
Email: ed.floyd@floydzad.com
Email: luke.zadkovich@floydzad.com
Email: philip.vagin@floydzad.com

Ivan M. Rodriguez
Andrew R. Nash
Kenderick M. Jordan
PHELPS DUNBAR LLP

5

910 Louisiana Street, Suite 4300
Houston, TX 77002
Phone: (713) 225-7251
Fax: (713) 626-1388
Email: ivan.rodriguez@phelps.com
Email: Andy.nash@phelps.com
Email: kenderick.jordan@phelps.com

**For Claimant:**

*/s/ Dimitri P Georgantas*                              *
Dimitri P Georgantas
Eugene Barr
ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP
1415 Louisiana
Houston, TX 77002
Phone: (713) 224-8380
Email: Dimitri.Georgantas@roystonlaw.com
Email: Eugene.Barr@roystonlaw.com

Bruce J Ruzinsky
JACKSON WALKER LLP
1401 McKinney, Ste. 1900
Houston, TX 77010
Phone: (713) 752-4204
Fax: (713) 308-4155
Email: bruzinsky@jw.com

**For OCM Maritime Gas 4 LLC:**

*/s/ Christopher R. Hart*                              *
Christopher R. Hart
Texas Bar No.: 09136310
Fed Id.: 12517
chris.hart@hfw.com
Thomas N. Lightsey III
Texas Bar No.: 12344010
Federal Id.: 84829
tom.lightsey@hfw.com
HOLMAN FENWICK WILLAN USA LLP
3040 Post Oak Blvd., Fl 18, Suite 129
Houston, Texas 77056
Telephone: (713) 917-0888
Facsimile: (713) 953-9470

**For National Maritime Services, Inc.:**

*/s/ Kelly M. Haas*                              \*
Kelly M. Haas
SCHOUEST, BAMDAS, SOSHEA, BENMAIER &
EASTHAM, PLLC
Texas Bar No.: 24059874
S.D. Tex. ID No. 870096
Hayley Stancil
Texas Bar No. 24144121
S.D. Texas ID No. 395848
1001 McKinney Street, Suite 1400
Houston, TX 77002
Phone: (713) 588-0446
Email: khaas@sbsb-eastham.com

\*   Signatures of the respective parties are *only* for that party's daily submission and not an indication of its agreement with the submissions of the other parties.

**CERTIFICATE OF SERVICE**

     I certify that on August 8, 2025, a true copy of the foregoing document was served upon all counsel of record via the Court's Case Management/Electronic Case Files (CM/ECF) system and email.

**KELLY M. HAAS**

8