UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **KITHNOS SPECIAL MARITIME ENTERPRISE, ELETSON HOLDINGS, INC, ELETSON CORPORATION, ELETSON GAS LLC,** § § § § § | **CIVIL ACTION NO.** **25-cv-00042** |
| Plaintiffs, § § | **ADMIRALTY RULE 9(h)** |
| **M/V KITHNOS (IMO 9711523),** her engines, tackle, equipment, and appurtenances, *in rem*, § § § § § | |
| and § § | |
| **FAMILY UNITY TRUST COMPANY, GLAFKOS TRUST COMPANY, LASSIA INVESTMENT COMPANY, ELAFONISSOS SHIPPING CORPORATION, KEROS SHIPPING CORPORATION, VASSILIS HADJIELEFTHERIADIS, LASKARINA KARASTAMATI, VASSILIS E. KERTSIKOFF, VASILEIOS CHATZIELEFTHERIADIS, KONSTANTINOS CHATZIELEFTHERIADIS, IOANNIS ZILAKOS, ELENI KARASTAMATI, PANAGIOTIS KONSTANTARAS, EMMANOUIL ANDREOULAKIS, ELENI VANDOROU,** *in personam* § § § § § § § § § § § § § § § § § | |
| Defendants. § | |

## PLAINTIFFS' MOTION TO DISMISS

Plaintiffs Kithnos Special Maritime Enterprise ("**Kithnos SME**"), Eletson Holdings, Inc., Eletson Corporation, and Eletson Gas LLC (collectively, "**Plaintiffs**") file this motion to dismiss Claimant and Claimant's counterclaim.[1]

---

[1] Plaintiffs continue to contend that Claimant lacked the authority to file its restricted appearance. "Claimant—whatever it may be—is not Plaintiff Kithnos SME" Pl.'s Resp. to Mot. to Withdraw (Dkt. 222) at 2.

## PROCEDURAL BACKGROUND

On February 5, 2025, Plaintiffs filed their complaint. Compl. (Dkt. 2).

On February 19, 2025, Claimant filed a restricted appearance pursuant to Rule E(8) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset and Forfeiture Actions, allegedly on behalf of Plaintiff Kithnos SME. Cl.'s App. (Dkt. 41). On the same day, Claimant also filed a statement of right of interest, allegedly on the authority of Plaintiff Kithnos SME's "lawful directors." Cl.'s Stmt. (Dkt. 42).

On March 14, 2025, Plaintiffs filed their amended complaint. Am. Compl. (Dkt. 56).

On March 27, 2025, Claimant filed its answer to the amended complaint and asserted a counterclaim. Cl.'s Answer (Dkt. 64). On April 3, 2025, Plaintiffs answered Claimant's counterclaim. Pls.' Answer (Dkt. 71).

On August 15, 2025, counsel for Claimant filed a motion to withdraw as counsel for Claimant. Mot. to Withdraw (Dkt. 208).

On September 5, 2025, the Court granted, in part, and denied, in part, the motion. Order (Dkt. 226). The Court found that the withdrawal of counsel for Claimant would become effective on September 20, 2025. *Id*. The Court further ordered, in part, that: (1) "any business entity seeking to raise a claim or counterclaim in this action **SHALL** retain an attorney or law firm which **SHALL** make an appearance on or before **September 19, 2025**;" (2) "any natural born person or entity seeking to raise a claim or counterclaim in this case who has previously appeared, through counsel or otherwise, whether the appearance has been restricted or not, **SHALL** file an amended notice of claim or counterclaim on or before **September 22, 2025**;" (3) on or before **September 19, 2025**, any natural born person asserting a claim or counterclaim in this action **SHALL** file a document entitled "Notice of Appearance," if appearing without counsel or entitled "Claimant's Contact Information" if appearing through counsel;" and (4) "any business entity seeking to raise a claim or counterclaim in this action SHALL file with

2

this Court a document entitled 'Contact Information for Claimant's Decision Makers.'" *Id*. (emphasis in original).

On September 19, 2025, counsel for Claimant responded to the Court's September 5, 2025 order, providing information about the Claimant. Resp. (Dkt. 255).

On September 22, 2025, the Court issued an order stating counsel for Claimant's response "in no way complies with the undersigned's Order," and "directing Claimants or Claimants are **ORDERED to show cause on or before September 29, 2025** as to why their claim(s) should not be dismissed for failure to comply with the undersigned's Order." Order (Dkt. 256) (emphasis in original).

On September 24, 2024, counsel for Claimant filed a supplemental response, providing additional information about Claimant. Supp. Resp. (Dkt. 259).

## LEGAL STANDARD

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). A party may equally seek to dismiss a counterclaim for failure to prosecute pursuant to Rule 41(b). *See McCloud River R. Co. v. Sabine River Forest Prods., Inc.*, 735 F.2d 879, 883 (5th Cir. 1984).

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party "may move for judgment on the pleadings," FED. R. CIV. P. 12(c) and therein assert the defense of "[f]ailure to state a claim upon which relief can be granted."

## ARGUMENT

The Court should dismiss Claimant and its counterclaim for failure to prosecute. Put simply, Claimant has failed to prosecute its counterclaim. On September 5 2025, the Court ordered "any business entity seeking to raise a claim or counterclaim" must retain counsel, and its counsel must appear on or before September 19, 2025. Claimant purports to be Kithnos

3

SME, *i.e.*, purports to be a business entity. *See* Resp. (Dkt. 255); *see also* Cl.'s App. (Dkt. 41); Cl.'s Stmt. (Dkt. 42); Supp. Resp. (Dkt. 259). Yet, no counsel has appeared before this Court on behalf of Claimant. Indeed, on August 15, 2025, counsel for Claimant sought to withdraw. Mot. to Withdraw (Dkt. 208). Such disregard for the Court's order warrants dismissal.

Moreover, without counsel, Claimant can no longer sustain its restricted appearance or assert a counterclaim. Corporations, "which are fictional legal persons, obviously cannot appear for themselves personally." *Southwest Exp. Co., Inc. v. I.C.C.*, 670 F.2d 53, 55 (5th Cir.1982); *see Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel"). As this Court commented, "[i]f Claimant or Counterclaimant is a business entity and is unrepresented by counsel, its claim is subject to being stricken." Order (Dkt. 226) at 2 (citations omitted). Claimant, which continues to assert it is a corporate entity, lacks representation. As such, Claimant should no longer be permitted to continue as party to this action.

Therefore, this Court should dismiss Claimant and its counterclaim for failure to prosecute, or in the alternate, for failure to state a claim. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." citing Rule 41(b)); *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 217 (5th Cir. 2014) (affirming dismissal for failure to state a claim because plaintiff, a corporation, cannot appear in federal court unless represented by counsel); *see also Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) ("Noting the lack of clarity surrounding the proper procedure" for dismissal of an unrepresented corporation).

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an order dismissing Claimant and its counterclaim and granting such other and further relief as the Court deems just and proper.

        Respectfully submitted,

**FLOYD ZADKOVICH (US) LLP**

By: */s/ Edward W. Floyd*
Edward W. Floyd
ATTORNEY-IN-CHARGE
NY Bar No.: 4392940
*Admitted pro hac vice*
Luke F. Zadkovich
NY Bar No.: 4392940
*Admitted pro hac vice*
Filipp A. Vagin
NY Bar No.: 5901467
*Admitted pro hac vice*
luke.zadkovich@floydzad.com
ed.floyd@floydzad.com
philip.vagin@floydzad.com
(917) 868 1245
(917) 999 6914
33 East 33rd Street, Suite 905
New York, NY, 10016

**ATTORNEY FOR PLAINTIFFS**

**OF COUNSEL**
**PHELPS DUNBAR LLP**
Ivan M. Rodriguez
Texas Bar No.: 24058977
SDTX ID: 45566982
Andrew R. Nash
Texas Bar No.: 24083550
SDTX ID: 1690806
Kenderick M. Jordan
Texas Bar No.: 24145378
SDTX ID: 3905171
910 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email: ivan.rodriguez@phelps.com
       andy.nash@phelps.com

kenderick.jordan@phelps.com

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served on all known counsel of record on October 6, 2025 via the ECF system.

*/s/ Andrew R. Nash*