Case 2:25-cv-00042   Document 262   Filed on 11/06/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
November 06, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KITHNOS SPECIAL MARITIME ENTERPRISE, *et al.*, | § § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00042 |
| M/V KITHNOS (IMO 9711523), *et al.*, | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

This action involves *in rem* and *in personam* maritime and admiralty claims and the seizure of the M/V Kithnos. Competing entities arising out of pending bankruptcy and district court proceedings in the Southern District of New York both assert they represent Kithnos Special Maritime Enterprise and therefore, claim the right to operate or charter the Vessel. (See Factual and Procedural Background at D.E. 114, Pages 2-8). On February 5, 2025, Kithnos Special Maritime Enterprise filed this action represented by attorneys from Floyd Zadkovich LLP and Phelps Dunbar LLP "Plaintiff Kithnos Special Maritime Enterprise" Or "Plaintiffs." (D.E. 1). On February 19, 2025, attorney Dimitri P. Georgantas of the law firm of Royston, Rayzor, Vickery & Williams, L.L.P., filed a restricted appearance asserting he represented the lawful board of directors of Kithnos Special Maritime Enterprise ("Claimant Kithnos Special Maritime Enterprise" or

"Claimant(s).") (D.E. 41; D.E. 42 and D.E. 43).  Mr. Georgantas later filed an Answer and Counterclaim.  (D.E. 55 and D.E. 64).  On March 18, 2025, attorney Bruce J. Ruzinsky of the law firm of Jackson Walker LLP joined Mr. Georgantas as co-counsel.  (D.E. 60).

The Court has now released the Vessel to the filing Kithnos Special Maritime Enterprise represented by Floyd Zadkovich and Phelps Dunbar, the Plaintiffs.  (D.E. 98; D.E. 114; D.E. 237 and D.E. 251).  On September 5, 2025, the undersigned granted in part the Joint Motion to Withdraw permitting the withdrawal of Royston Rayzor and Jackson Walker as counsel for the Claimant Kithnos Special Maritime Enterprise effective September 20, 2025.  (D.E. 208 and D.E. 226).  The undersigned further ordered Claimant(s), on or before September 19, 2025, to file a Notice of Appearance if appearing without counsel or Claimant's Contact Information if appearing through counsel. (D.E. 226, Page 3).  This filing was to include a full legal name; the current physical and mailing address of their residence and business; working telephone numbers where each claimant can be reached without difficulty; and working email addresses they check regularly.  (D.E. 226, Page 3).

On September 19, 2025, Royston Rayzor and Jackson Walker filed a "Joint Submission of Royston Rayzor Vickery & Williams LLP and Jackson Walker LLP with Respect to this Court's Order Regarding Claimants' Attorneys' Joint Motion to Withdraw." (D.E. 255).  Confirming that a copy of the undersigned's September 5, 2025 Order was provided to Claimants "promptly and without delay," the submission again asserted the Claimant is Kithnos Special Maritime Enterprise SME, which is clearly in dispute with the

Plaintiffs in this case, and that the filing "is responsive to the Court's Order to provide contact information about the Claimant as well as additional clarifications as to the identity of the Claimant." (D.E. 255). However, this submission in no way complied with the undersigned's Order. Other than one physical mailing address, no other information was provided. Further, while the submission referenced an exhibit, none was attached. Therefore, on September 22, 2025, the undersigned ordered Claimant(s) to show cause on or before September 29, 2025 why their claims should not be dismissed for failure to comply with the September 5, 2025 Order. (D.E. 256). Claimant's now former counsel was ordered to provide a copy of the show cause order to Claimant(s). (D.E. 256, Page 2). Two days later, confirming a copy of the September 22, 2025 Order was provided to Claimant(s), Mr. Georgantas filed a "Supplemental Submission of Royston, Rayzor, Vickery & Williams, LLP and Jackson Walker LLP In Response to Show Cause Order." (D.E. 259). Again, this submission does not comply with the undersigned's orders.[1] Claimants have failed to provide the Court with their full contact information, including phone numbers, mailing addresses for both their residences and businesses and individual e-mail addresses as ordered. They have also not stated whether they will be appearing without or without counsel. Further, if appearing solely as a business entity, the undersigned notes it is well settled that a corporation, partnership or association may not appear in federal court unless represented by a licensed attorney. *Memon v. Allied Domecq*

---

[1] The law firms of Royston Rayzor and Jackson Walker have withdrawn from representing Claimants in this action and therefore, they shall not submit any additional filings on behalf of their former clients.

*QSR,* 385 F.3d 871, 873 (5th Cir. 2004) (citations omitted).  New counsel has not appeared on behalf of any business entity claimant as ordered.  (D.E. 226, Pages 2-3).

On October 6, 2025, Plaintiffs filed a Motion to Dismiss requesting the Court dismiss Claimant and its counterclaim (D.E. 64) for failure to prosecute.  (D.E. 261).  No response has been filed and therefore, pursuant to the local rules, the failure to respond to the Motion is taken as a representation of no opposition.  SDTX L.R. 7.4.  Further, Claimant(s) have been warned that failure to comply with Court orders may result in dismissal of their claims being struck or being otherwise dismissed for want of prosecution.  Fed. R. Civ. P. 41(b); (D.E. 226, Page 4).  Therefore, it is respectfully **RECOMMENDED** that Plaintiffs' Motion to Dismiss be **GRANTED** (D.E. 261) and Claimant(s) be **DISMISSED** from this action pursuant to Fed.R.Civ.P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

ORDERED on November 6, 2025.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).