THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| KITHNOS SPECIAL MARITIME ENTERPRISE, *et al.*, <br><br> Plaintiffs, <br><br> VS. <br><br> M/V KITHNOS (IMO 9711523), *et al.*, <br><br> Defendants. | § § § § § § § § § § § §   CIVIL ACTION NO. 2:25-CV-00042 |

## OCM MARITIME GAS 4 LLC'S RESPONSE TO PLAINTIFFS' MOTION FOR STAY OF CASE DEADLINES

OCM Maritime Gas 4 LLC ("OCM"), subject to its restricted appearance pursuant to Supplemental Admiralty Rule E(8), files this Response to Plaintiffs' Motion for Stay of Case Deadlines (Dkt. 267) ("Motion") and in opposition respectfully shows the following.

The Court should deny Plaintiffs' Motion because there is no need to stay deadlines set out in the Court's Scheduling Order (Dkt.111) or in the Order Releasing Vessel (Dkt. 114, as amended Dkt. 237). Several deadlines have already passed. Plaintiffs' Motion fails to request modification of the Scheduling Order with proposed alternate deadlines for remaining tasks. It makes an indefinite request for stay of unspecified deadlines, but that sort of uncertainty would not help to progress this case.

This case is set for trial on June 22, 2026. Plaintiffs' Motion offers no support for delaying trial or freezing remaining Scheduling Order deadlines to delay resolution of this case.

The Motion correctly notes that termination of the bareboat charter party is an issue pending in the English High Court. As the Court may recall from prior pleadings and hearings in this case, in June 2025 OCM commenced proceedings in England seeking, among other things, a judicial determination that OCM validly terminated the bareboat charter party for M/V *Kithnos* effective as of June 11, 2025 and damages and/or indemnities for sums due in connection with that charter party (including damages and/or an indemnity for loss of use of the vessel as a result of this arrest from June 11, 2025 to date and continuing). That case is Claim No:CL-2025-000285 in the High Court of Justice Business and Property Courts of England and Wales Commercial Court ("UK Case"). The bareboat charter party is governed by English law, and the UK court will decide the question whether the M/V *Kithnos* bareboat charter party was validly terminated.

The Claimants in the UK Case are five OCM entities, including OCM Maritime Gas 4 LLC, who are registered owners of five vessels, including the *Kithnos*, that were bareboat chartered to five Special Maritime Enterprise entities, including Kithnos SME.[1] Entities and/or persons connected with Murchinson Ltd, who say they control the Plaintiffs in this case, say they also control the four other Special Maritime Enterprise bareboat charterer entities in the UK Case. The five claimants in the UK Case claim that all five bareboat charter parties were terminated effective June 11/12, 2025[2] on the basis of several

---

[1] The five claimants are OCM Maritime Gas 1 LLC, OCM Maritime Gas 2 LLC, OCM Maritime Gas 3 LLC, OCM Maritime Gas 4 LLC, and OCM Maritime Gas 5 LLC. The five defendants are Othoni Special Maritime Enterprise, Astipalea Special Maritime Enterprise, Paros Special Maritime Enterprise, Kithnos Special Maritime Enterprise, and Dilos II Special Maritime Enterprise.

[2] June 12th in the case of the DILOS bareboat charter party.

2

Events of Defaults and breaches of the bareboat charter party including, among other defaults, failure to pay charter hire for a number of months.

The OCM claimants in the UK Case filed Claimants' Application for Summary Judgment and Injunctions in the UK Case on September 11, 2025 asking the UK High Court to determine the issues in dispute, including the matter of termination of the M/V *Kithnos* bareboat charter party, by way of summary judgment and without a full trial. A hearing of this Application in the UK Case is set for February 17-19, 2026. If the UK High Court grants summary judgment and makes a declaration that the M/V *Kithnos* bareboat charter party has been terminated, Kithnos SME will have no right to claim a possessory interest in M/V *Kithnos*. That will make Plaintiffs' possessory claim in this case baseless, and Plaintiffs' Rule D arrest of M/V *Kithnos* in this case should be vacated. If the UK High Court does not grant the claimants' application for summary judgment, the UK Case will proceed to a full trial.

Since it is anticipated such a ruling in the UK Case will be issued in coming weeks or months, it should not be necessary at this time to stay deadlines in this case. At a minimum, any stay issued in this case should not resurrect any Scheduling Order deadlines that have already passed. The only remaining deadlines that have not expired are the following.

| | |
|---|---|
| Dispositive Motions: | February 17, 2026 |
| Status Conference: | April 16, 2026 |
| Joint Pretrial Order: | May 28, 2026 |
| Joint Pretrial Order Disputes: | June 4, 2026 |

| | |
|---|---|
| Pretrial Conference: | June 11, 2026 |
| Bench Trial: | June 22, 2026 |

In view of the pending summary judgment hearing in the UK Case coming up in two weeks, OCM anticipates the outcome of that hearing may call for further action to be taken in this case. For that reason, this case should not be stayed.

Plaintiffs' Motion neglects to mention that the Court released M/V *Kithnos* to resume commercial operations September 17, 2025 (Dkt. 251) pursuant to the Release Order (Dkt. 114 as amended by Dkt. 237). Despite M/V *Kithnos* having returned to trading and earning revenue under possession of Kithnos SME since September 17, 2025, Plaintiffs have paid nothing to OCM since then.

Plaintiffs continue to ignore Condition 15 of the Release Order, which requires all amounts due to OCM in connection with the M/V *Kithnos* bareboat charter party to be timely and fully paid to OCM. Plaintiffs apparently think they can have possession of the Vessel for free, despite owing sums to OCM Maritime Gas 4 LLC in connection with the bareboat charter party (namely those sums claimed in the UK Case) and despite (albeit wrongly) having represented to this Court that the bareboat charter party was in force and that it would have paid hire under that charter party had it known it was due and owing. In other words, even on its own case, Kithnos SME owed and owes sums to OCM Maritime Gas 4 LLC in connection with the bareboat charter party but is failing and refusing to pay anything at all. This lack of payment to OCM is another reason why remaining deadlines in this case should not be stayed. To the extent the Court's Release Order imposes deadlines for various actions, including payments to OCM, those deadlines should not be stayed.

4

OCM's positions stated in this Response are without prejudice to OCM's rights and remedies under the bareboat charter and its rights and remedies in the pending English High Court case involving the bareboat charter for M/V *Kithnos* as well as similar bareboat charter parties for four other vessels.

For these reasons, OCM respectfully requests the Court to deny Plaintiffs' Motion for Stay of Case Deadlines.

Respectfully submitted,

**HOLMAN FENWICK WILLAN USA LLP**

*/s/ Christopher R. Hart*
Christopher R. Hart
Texas Bar No.: 09136310
Fed Id.: 12517
chris.hart@hfw.com
Thomas N. Lightsey III
Texas Bar No.: 12344010
Federal Id.: 84829
tom.lightsey@hfw.com
3040 Post Oak Blvd., Fl 18, Suite 129
Houston, Texas 77056
Telephone: (713) 917-0888
Facsimile: (713) 953-9470
**ATTORNEYS FOR
OCM MARITIME GAS 4 LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system on this 3rd day of February 2025.

*/s/ Christopher R. Hart*
Christopher R. Hart